IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KEVIN VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 1:24-cv-57 |
| | § | |
| WILLACY COUNTY SHERIFF'S | § | |
| DEPARTMENT and WILLACY COUNTY | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Kevin Villarreal "Plaintiff" bringing this claim for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and complaining of Willacy County Sheriff's Department and Willacy County hereinafter called "Defendants" and respectfully show the Honorable Court and Jury as follows:

I.
PARTIES

1. Plaintiff Kevin Villarreal ("Plaintiff" or "Mr. Villarreal") is an individual resident of Hidalgo County, Texas.

2. Willacy County Sheriff's Department ("Defendant WCSD" or "WCSD") is a governmental unit of the State of Texas. WCSD is a separate and distinct legal entity from Defendant Willacy County. Defendant has been duly served and appeared herein.

3. Willacy County ("Defendant Willacy" or "Willacy") is a governmental unit of the State of Texas. Plaintiff intends on asking counsel if she or he will accept service pursuant to the

Federal Rule of Civil Procedure 4 (d) (1). If defense counsel refuses, Plaintiff will request summons from this Court and will request payment for service on this defendant from defense counsel pursuant to Federal Rule of Civil Procedure 4 (d) (2).

## II.
## JURISDICTION AND VENUE

4. The Court has jurisdiction over the controversy pursuant to 28 U.S.C. § 1331 as the claims present a federal question.

5. Plaintiff's action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 and the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

## III.
## FACTS

7. Plaintiff is a male that has been medically diagnosed with ADHD, insomnia, bipolar disorder, anxiety, and depression.

8. Among Plaintiff's medically prescribed medications are Adderall, Loratadine, Bupropion, and Clonidine.

9. These medications are intended to treat Plaintiff's medically diagnosed diseases including bipolar disorder.

10. Without such medications, Plaintiff has been known to attempt suicide or other serious harm to himself.

11. Plaintiff was confronted by police officers while attempting and/or contemplating suicide. He was promptly arrested and taken to Willacy County's jail.

12. While in the custody of Willacy County Sheriff's Department, Plaintiff has continuously been refused medical treatment for his medically diagnosed diseases. Willacy County has further continuously refused access to Plaintiff's medically prescribed medications.

13. As such, Defendants have placed Plaintiff and others at severe risk.

14. The Fifth Circuit has repeatedly and clearly outlined the duty to provide prescribed medication to person's in custody. See e.g. Alderson v. Concordia Par. Corr. Facility, 848 F.3d 415, 422-23 (5th Cir. 2017) (finding a violation when guard refused to provide prescribed antibiotics and painkillers for his broken ribs); Easter v. Powell, 467 F.3d 459, 464 (5th Cir. 2006) (per curiam) (finding a constitutional violation when nurse refused to provide an inmate's prescribed medication for heart attacks); Nerren v. Livingston Police Department, 86 F.3d 469, 470-71 (5th Cir. 1996) (denying qualified immunity when officers rejected plaintiff's request for medical assistance despite knowing he was involved in a car accident).

15. With the full knowledge of the well-established right to medical care, Defendants have promulgated policies, procedures, and customs to prevent Plaintiff from receiving medical care while in Defendant's custody.

**Defendant's Custom of Denying Medical Care**

16. On December 2, 2023, a man complained of vomiting and requested medical care.

17. Defendant refused to provide the man with medical care. After dying in Defendant's custody, the man was transported to Harlingen Medical Center to be formally pronounced dead. The Texas Rangers initiated an investigation.

18. On February 11, 2022, John Ray Zamora was taken into Defendant's custody.

19. Mr. Zamora was stripped naked and pepper sprayed excessively. Mr. Zamora called out for help.

20. Witnesses remarked that Defendant's guards simply laughed as Mr. Zamora went into a cardiac event.

21. After dying in Defendant's custody, Mr. Zamora was transported to the hospital where he was formally pronounced dead. The Texas Rangers initiated an investigation.

22. On January 1, 2016, Jose Alberto Gonzalez Rodriguez requested medical attention.

23. Defendant refused to call an ambulance or give Mr. Gonzalez Rodriguez medical attention.

24. After Mr. Gonzalez Rodriguez died in Defendant's custody, he was transported to the hospital to be formally pronounced dead.

**Defendant's Policy of Denying Medical Care**

25. Pursuant to Texas Local Government Code § 351.041, Sheriff Joe Salazar is the official policy maker for Defendant.

26. Defendant promulgated the Willacy County Sheriff's Department Manual.

27. This manual states: "All provisions of the Manual will have the same authority as the Sheriff's signed written order."

28. Provision 7.39.1 of the manual states: "Medication will not be retained in the possession of inmates. The only exception will be topical medication for external use."

29. As a result of Defendants' current policies, Plaintiff is actively being deprived of rights guaranteed to him necessitating this action seeking declaratory and injunctive relief.

# IV.
# CLAIM FOR RELIEF

**Denial of Medical Care Pursuant to 42 U.S.C. § 1983:**

30. Plaintiff re-alleges the foregoing as though fully set forth herein.

31. Defendants created an inadequate and dangerous system that placed unqualified staff in a position to manage inmates' critical illnesses that violated Kevin Villarreal's right to Due Process guaranteed by the Fifth and the Fourteenth Amendments of the U.S. Constitution. The Due Process Clause guarantees that people detained are entitled to medical care.

32. Defendants willfully withheld medical care and treatment to Plaintiff in adherence with policies, customs, and procedures of Defendants promulgated by Sheriff Joe Salazar. This was obstructive to Plaintiff's right to Due Process guaranteed by the Fifth and the Fourteenth Amendments to the U.S. Constitution and caused him damages while placing himself and others at severe risk.

33. The Due Process Clause of the Fifth Amendment guarantees that a person detained is entitled to medical care. *Thompson v. Upshur County*, 245 F. 3d 447, 457 (5th Cir. 2001). As a result, Plaintiff's guaranteed rights have been deprived.

*Monell* **Liability:**

34. Plaintiff re-alleges the foregoing as though fully set forth herein.

35. Defendants are persons under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and are subject to 42 U.S.C. § 1983 as acting under the color of law in the deprivation of Plaintiff's constitutionally guaranteed rights to medical care while incarcerated.

36. Defendants incurred liability through (1) their official policy provisions that cover health services plan for medical care of inmates held by Defendants; and (2) Sheriff Joe Salazar, as the final policy maker, knew of the custom to deny inmates of adequate medical care but is deliberately indifferent to the ongoing deprivation of rights.

37. Additionally, Defendant Willacy incurred liability through: (1) official policy provisions that cover health services plan for medical care of inmates held by Defendants including budgeting items; and (2) Aurelio Guerra, as the final policy maker, had actual knowledge of the custom to deny inmates of adequate medical care but is deliberately indifferent to the ongoing deprivation of rights.

## VII.
## PRAYER FOR RELIEF

38. Plaintiff respectfully requests that this Court:

a. Issue a declaratory judgment that Defendants' continued denial of Plaintiff's medical treatment are unconstitutional acts by Defendants and are in violation of 42 U.S.C. § 1983;

b. Issue preliminary and permanent injunctive relief restraining Defendants, their employees, agents, and successors from denying Plaintiff his necessary medical care;

c. Issue an order requiring Plaintiff have access to his medical treatments and prescriptions;

d. Award Plaintiff his reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

e. For such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ISRAEL PEREZ LAW, PLLC**

_____
**Israel Garcia Perez III**
Texas Bar No. 24102349
SDTX No. 3745629
israel.perez@israelperezlaw.com
P.O. Box 260
Fate, Texas 75132
Phone: (956) 614-1414
Fax: (972) 942-8935

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all attorneys of

record via the Court's CM/ECF system on July 3, 2024.

John-Michael W. Hayward
Ricardo J. Navarro
DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, PC
701 E. Harrison, Suite 100
Harlingen, Texas 78550
956-421-4904
**Via CM/ECF**

_____
Israel Garcia Perez III