Case 1:24-cv-00057   Document 11   Filed on 07/19/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
July 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KEVIN VILLARREAL<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:24-cv-57 |
| WILLACY COUNTY SHERIFF'S<br>DEPARTMENT,<br>    Defendant. | §<br>§<br>§<br>§ | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

In March 2024, Kevin Villarreal sued the Willacy County Sheriff's Department ("WCSD") under 28 U.S.C. § 1983 in the 197th District Court in Willacy County, Texas, alleging that while in WCSD's custody, WCSD violated his constitutional rights by denying him medical care and prescription medicine. [Dkt. No. 1-4 at 1–7]. WCSD answered and then removed this case to federal court in April 2024. [Dkt. Nos. 1, 1-4 at 29–31]. On June 13, 2024, WCSD moved to dismiss this case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), alleging, *inter alia*, that it is a non-juridical entity and thus incapable of being sued. [Dkt. No. 4 at 2, 4]; *see* Fed. R. Civ. P. 12(b)(1), (6). On July 3, 2024, Villarreal filed his "First Amended Complaint," adding Willacy County as a defendant, [Dkt. No. 5], and a response to WCSD's motion to dismiss in which he simply asserts that "filing an amended complaint generally moots a 12(b)(6) motion," [Dkt. No. 6]. Five days later, WCSD filed a dual "Motion to Strike [Villarreal]'s First Amended Complaint and Reply to [Villarreal]'s response to [WCSD]'s Rule 12 Motion to Dismiss," in which it requests that the Court strike Villarreal's First Amended Complaint as improperly filed under Federal Rule of Civil Procedure 15, reasserts its Rule 12(b)(1) and

12(b)(6) arguments, and declares its refusal to accept service on Willacy County's behalf. [Dkt. No. 7]. That same day, Villarreal moved for leave to file his First Amended Complaint, arguing that Rule 15's "amendment standard is generous" and "amendments to correct 12(b)(6) and 12(b)(1) defects are to be granted." [Dkt. No. 8 at 3–4]; *see* Fed. R. Civ. P. 15.

Thus, pending before the Court are: (1) WCSD's motion to dismiss, [Dkt. No. 4]; (2) WCSD's motion to strike Villarreal's First Amended Complaint, [Dkt. No. 7]; and (3) Villarreal's motion for leave to file his First Amended Complaint, [Dkt. No 8].

Because the parties at least implicitly agree that it was improper for Villarreal to file his First Amended Complaint without WCSD's consent or leave of court, the undersigned recommends that the Court **GRANT** WCSD's motion to strike Villarreal's First Amended Complaint (Dkt. No. 5). [Dkt. No. 7 at 4]. But because no substantial reason exists to deny the request, the undersigned recommends that the Court **GRANT** Villarreal's motion for leave to file an amended complaint, [Dkt. No. 8], and **ORDER** the Clerk of Court to docket Villarreal's First Amended Complaint, [Dkt. No. 8-1], as a new entry. Finally, as assessed in more detail below, because WCSD is not an independent juridical entity that is capable of being sued, the undersigned recommends that the Court **GRANT** WCSD's motion to dismiss. [Dkt. No. 4].

## I.    DISCUSSION

### A.    WCSD's Motion to Strike Should be Granted

WCSD moves to strike Villarreal's First Amended Complaint (Dkt. No. 5) as improperly filed under Federal Rule of Civil Procedure 15. [Dkt. No. 7 at 4]; *see* Fed. R. Civ. P. 15. WCSD's Motion to Strike should be granted. [Dkt. No. 7 at 4].

Under Rule 15 of the Federal Rules of Civil Procedure, "if [a party's] pleading is one to which a responsive pleading is required," that "party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). "In all other cases," the rule provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* R. 15(a)(2). The Fifth Circuit has held that "when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Lee v. Wells Fargo Bank, N.A.*, No. CIV.A. H-11-1334, 2012 WL 6132510, at *1 (S.D. Tex. Dec. 10, 2012) (quoting *Savell v. S. Ry.*, 93 F.2d 377, 379 (5th Cir. 1937)). Thus, some courts have concluded that a party who has "amended a pleading in state court has exhausted its one opportunity to amend as a matter of course under Rule 15(a)(1)" post-removal. *Badaiki v. Schlumberger Holdings Corp.*, No. 4:20-CV-2216, 2021 WL 881271, at *2 (S.D. Tex. Feb. 2, 2021), *adopted by*, No. 4:20-CV-02216, 2021 WL 885551 (S.D. Tex. Mar. 9, 2021); *see also Lee*, 2012 WL 6132510, at *1 ("Morgan was not permitted under Rule 15(a)(1) to file his amended complaint as a matter of course. Wells Fargo had previously filed an answer in state court before the suit was removed. That motion was filed more than 21 days before Morgan's amended complaint." (citation omitted)).[1]

---

[1] Other courts (and in at least one instance, the same court) have expressed that the issue remains unclear. *See e.g.*, *TMA Leasing, Inc. v. Vacuum Truck Sales & Serv.*, LLC, No. 15-708-SDD-RLB, 2016 WL 8261723, at *1 (M.D. La. Jan. 6, 2016) (noting disparate conclusions across the federal courts as to whether a party may amend pleadings filed in state court as a matter of course under Rule 15(a)(1) post-removal more than twenty-one days after an answer is filed in state court or after having amended once or more already in state court); *see also Hymes v. AmCap Mortg., Ltd.*, No. CV H-19-515, 2019 WL 1748678, at *2 (S.D. Tex. Apr. 18, 2019) ("[I]t is unclear whether a plaintiff who amended its pleading in state court prior to removal may take advantage of Rule 15(a)(1)." (quoting *TMA Leasing, Inc.*, 2016 WL 8261723, at *1)).

Here, on April 26, 2024, WCSD filed an answer in state court and removed this case to federal court. [Dkt. No. 1-4 at 12–14]. Villarreal filed his First Amended Complaint on July 3, 2024—sixty-eight days later—without WCSD's consent or the Court's leave. [Dkt. No. 5]. That was likely improper under Rule 15. *See* Fed. R. Civ. P. 15; *Savell*, 93 F.2d at 379; *Badaiki*, 2021 WL 881271, at *2; *Lee*, 2012 WL 6132510, at *1. In any case, Villarreal later moved for leave to file his First Amended Complaint, at least implicitly agreeing with WCSD that he improperly filed his First Amended Complaint without WCSD's consent or the Court's leave. *See* [Dkt. No. 8]; Fed. R. Civ. P. 15(a). Accordingly, the Court should grant WCSD's Motion to Strike, [Dkt. No. 7 at 4], striking Villarreal's First Amended Complaint, [Dkt. No. 5].

**B.     Villarreal's Motion for Leave to File an Amended Complaint Should Be Granted**

After improperly filing an amended pleading, [Dkt. No. 5], Villarreal later moved for leave to file his First Amended Complaint, [Dkt. No. 8]. Villarreal's motion for leave should be granted. [Dkt. No. 8].

Federal Rule of Civil Procedure 15 requires a district court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins.*, 898 F.3d 461, 477 (5th Cir. 2018) (cleaned up). While leave to amend is not automatic, a district court needs "a 'substantial reason' to deny a party's request for leave to amend." *Id*. Leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Id.* (cleaned up). "For futility, 'an amendment is futile if it would fail to survive a Rule 12(b)(6) motion.'" *Id.*

(quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Robinson v. Midland County*, 80 F.4th 704, 709 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

WCSD does not assert that Villarreal has unduly delayed his seeking leave to file his amended complaint. [Dkt. No. 4]; *see N. Cypress Med. Ctr.*, 898 F.3d at 477. Further, there is no evidence or argument of bad faith or dilatory motive by Villarreal, or any repeated failure to cure pleading deficiencies. *See N. Cypress Med. Ctr.*, 898 F.3d at 477. WCSD will not suffer prejudice, as it will be dismissed from this case. *See id.* And WCSD's futility arguments are limited to claims against WCSD. [Dkt. Nos. 4 at 4–7, 7 at 5–10]. Any defendants substituted by way of Villarreal's amended complaint and served may raise their defenses at the appropriate juncture.

Villarreal's motion for leave to file an amended complaint should be granted. [Dkt. No. 8].

### C. WCSD's Motion to Dismiss Should Be Granted Because WCSD Lacks the Capacity to Be Sued

Finally, WCSD moves to dismiss Villarreal's claims against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that it is not a juridical entity that is capable of being sued. [Dkt. No. 4 at 4]; *see* Fed. R. Civ. P. 12(b)(1), (6).[2] The Court should grant WCSD's motion to dismiss. [Dkt. No. 4].

---

[2] Under Federal Rule of Civil Procedure 12(b), "[a] motion asserting any of [the defenses under Rule 12(b)] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, WCSD filed an answer in state court pre-removal. [Dkt. No. 1-4 at 12–14]. Nevertheless, several courts have concluded that a defendant does not waive its right to file motions to dismiss post-removal by filing answers in state court pre-removal. *See, e.g., Matthews v. Tidewater Crewing, Ltd.*, 658 F. Supp. 3d 332, 344 (E.D. La. 2023) (concluding that defendants did not waive their right to file 12(b) motions because Federal Rule

Federal Rule of Civil Procedure 17 provides in part that the capacity of a party "to sue or be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). In Texas, "a governmental entity without the power to sue and be sued cannot be a party in litigation." *Tooke v. City of Mexia*, 197 S.W.3d 325, 334 (Tex. 2006). State agencies that may sue and be sued are known as jural entities; those that cannot, non-jural entities. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). County sheriff's departments in Texas are non-jural entities and thus incapable "of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (first quoting *Darby*, 939 F.2d at 313; then citing *Thomas-Melton v. Dallas Cnty. Sheriff's Dep't*, 39 F.3d 320, 320 (5th Cir. 1994); and then citing *Alcala v. Dallas Cnty. Sheriff's Dept.*, 988 F.2d 1210, 1210 (5th Cir. 1993)); *see also* 56 Am. Jur. 2d *Municipal Corporations, Counties, and Other Political Subdivisions* § 725 (2d ed. 2024) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." (footnotes omitted)); 56 Am. Jur. 2d § 735 ("The proper party in actions involving municipalities, counties, and towns, and their departments and subordinate entities, is

---

of Civil Procedure 81(c)(1) "makes clear that the Federal Rules of Civil Procedure only 'apply to a civil action *after* it is removed from a state court'" (quoting Fed. R. Civ. P. 81(c)(1))); *Hunt v. BAC Home Loans Servicing, LP*, No. CIV.A. C-11-261, 2012 WL 219330, at *11 (S.D. Tex. Jan. 24, 2012) (same); *see also Hicks v. Andrews*, No. 5:23CV81-RWS-JBB, 2024 WL 1202922, at *6 (E.D. Tex. Feb. 28, 2024) (same), *adopted by*, No. 5:23-CV-81-RWS-JBB, 2024 WL 1198859 (E.D. Tex. Mar. 20, 2024). In any event, even if WCDS's Rule 12(b) motion was untimely, under Rule 12(h)(2), a party may also move to dismiss for failure to state a claim under Rule 12(c) ("Motion for Judgment on the Pleadings") or at trial. Fed. R. Civ. P. 12(h)(2). And a court may construe an untimely Rule 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c). *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam); *Young v. City of Houston*, 599 F. App'x. 553, 554 (5th Cir. 2015). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Robinson v. Midland County*, 80 F.4th 704, 709 (5th Cir. 2023).

the municipality, or county, or town itself, and generally subordinate entities do not have the capacity to sue or be sued apart from an action against the municipality, county, or town of which they are a part.").

Parties may move under Federal Rule of Civil Procedure 12(b) to dismiss claims for, among other enumerated defenses, a court's lack of subject matter jurisdiction and plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6). "The burden of proof for a Rule 12(b)(1) motion to dismiss [for lack of subject-matter jurisdiction] is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Young-Trezvant v. Lone Star Coll. Sys.*, No. 23-20551, 2024 WL 2794483, at *1 (5th Cir. May 31, 2024) (per curiam) (quoting *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (per curiam)). As noted, under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Robinson*, 80 F.4th at 709 (quoting *Iqbal*, 556 U.S. at 678).

"Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued." *Inclusive La. v. St. James Par.*, ___F. Supp. 3d___, No. CV 23-987, 2023 WL 7920808, at *10 (E.D. La. Nov. 16, 2023). Nevertheless, "'[f]ederal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes' including motions raising a lack of capacity to sue or be sued." *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (3d ed. 2004)). Indeed, "[t]he Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued." *Id.* In *Darby*,

for example, the Fifth Circuit affirmed the district court's dismissal of claims brought against the Pasadena Police Department, noting that the Police Department lacked the capacity to be sued, and that the City of Pasadena was the proper entity to sue. *Darby*, 939 F.2d at 314. Similarly, federal district courts across Texas have "repeatedly and consistently held that a county's jail and a county's sheriff's office are non-jural entities that lack the capacity to be sued under § 1983," and dismissed claims (primarily under Rule 12(b)(6)) on that basis. *Lind v. Lamar Cnty. Sheriff's Off.*, No. 4:22CV490, 2023 WL 8172415, at *3 (E.D. Tex. Aug. 3, 2023) (collecting cases), *adopted by*, No. 4:22-CV-490, 2024 WL 420114 (E.D. Tex. Feb. 3, 2024); *see also Connelly v. Nueces Cnty. Jail*, No. 2:22-CV-00207, 2023 WL 2938521, at *5 (S.D. Tex. Mar. 6, 2023) ("Plaintiff's allegations against the Nueces County Jail and the Nueces County Sheriff's Office [should] be dismissed with prejudice for failure to state a claim upon which relief may be granted, because those purported defendants are nonjural entities with no capacity to be sued." (citing Fed. R. Civ. P. 12(b)(6))), *adopted by*, No. 2:22-CV-00207, 2023 WL 2938290 (S.D. Tex. Apr. 13, 2023); *Marshall v. Abbott*, No. 4:21-CV-384-SDJ-CAN, 2022 WL 671009, at *3 (E.D. Tex. Feb. 4, 2022) ("Plaintiff's claims must be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim because the Collin County Sheriff's Office is a nonjural entity with no capacity to be sued."), *adopted by*, No. 4:21-CV-384, 2022 WL 659159 (E.D. Tex. Mar. 4, 2022); *Coates v. Brazoria County*, 894 F. Supp. 2d 966, 969 (S.D. Tex. 2012) (dismissing claims against the Brazoria County Juvenile Board under Rule 12(b)(6) because it lacked the capacity to be sued); *cf. Alcala*, 988 F.2d at 1210 (affirming summary judgment because "Alcala has pointed [the Fifth Circuit] to no case in which a Texas sheriff's department has been deemed a legal entity

for purposes of defending in an action such as the instant one [under Title VII of the Civil Rights Act of 1964]").

Here, Villarreal has not pleaded any facts indicating that Willacy County has taken explicit steps to grant WCSD with jural authority. *See Darby*, 939 F.2d at 313. "His suit, as it stands, seeks recovery from a legal entity that does not exist for his purposes." *Id*. at 314. Accordingly, the Court should grant WCSD's motion to dismiss, [Dkt. No. 4], and dismiss Villarreal's claims against WCSD with prejudice.

## II.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court: (1) **GRANT** WCSD's Motion to Strike, [Dkt. No. 7 at 4]; (2) **GRANT** Villarreal's motion for leave to file his amended complaint, [Dkt. No. 8]; (3) **ORDER** the Clerk of Court to docket Villarreal's First Amended Complaint, [Dkt. No. 8-1], as a new entry; and (4) **GRANT** WCSD's motion to dismiss, [Dkt. No. 4].

## III.   NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **19th** day of **July, 2024**, at Brownsville, Texas.

_____
**Ignacio Torteya, III
United States Magistrate Judge**